## Case No. 11,830.

### RIGGS v. STEWART.

[2 Cranch, C. C. 171.] [1]

Circuit Court, District of Columbia. June Term, 1819.

ACTIONS—PARTNERSHIP—EXECUTION PAID BY ONE —ACTION AGAINST COPARTNERS.

If one of three joint defendants pay the whole debt upon a joint execution for a debt contracted by them jointly, in a transaction in which they were partners, he cannot, at law, recover

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

from the other partners their respective proportions of the whole debt which he has thus paid.

Assumpsit for money paid by the plaintiff [Elisha Riggs] for the use of the defendant [William Stewart]. The plaintiff and defendant and C. J. Nourse had made a joint purchase of salt, upon which a joint judgment had been recovered against them by one Lindsay. (See the case of Riggs v. Lindsay, 7 Cranch [11 U. S.] 500.) Upon a joint ca. sa. upon that judgment, the plaintiff Riggs was taken, and paid the whole amount of the judgment, and brought this action against the defendant Stewart, for his proportion of that amount. The defendant, having given evidence to the jury to show that the judgment was upon a joint transaction in which all the defendants were interested as partners, prayed the court to instruct the jury, that if they should be of opinion, from the evidence, that the claim which the plaintiff seeks to recover in this action, arose out of a transaction in which the plaintiff and defendant were, with others, concerned as partners, then this action at law cannot be sustained against the defendant.

Mr. Swann and Mr. Taney, for defendant, cited Chit. Pl. 21; Wilkinson v. Frasier, 4 Esp. 182; Smith v. Barrow, 2 Term R. 476; Hesketh v. Blanchard, 4 East, 144; Ozeas v. Johnson, 1 Bin. 191; 1 Com. Cont. 294, 296; Wright v. Hunter, 1 East, 20; Merryweather v. Nixan, 8 Term R. 186.

Mr. Marbury, Mr. Law, and Mr. Jones, for plaintiff, cited Wats. Partn. 405; Merryweather v. Nixan, 8 Term R. 186; 1 Com. Cont. 327; Wright v. Hunter, 1 East, 20; 2 Com. Cont. 186; Van Ness v. Forrest, 8 Cranch [12 U. S.] 30; Foster v. Allanson, 2 Term R. 479; Com. Cont. 329; Osborne v. Harper, 5 East, 225; Petrie v. Hannay, 3 Term R. 418; Aubert v. Maze, 2 Bos. & P. 371; Falkney v. Reynous, 4 Burrows, 2069; Mitchell v. Cockburne, 2 H. Bl. 379.

THE COURT (MORSELL, Circuit Judge, not sitting) gave the instruction as prayed, and the plaintiff took a bill of exceptions, but never prosecuted a writ of error.